UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| LENON BRUNO DO NASCIMENTO YOKOBATAKE, | ) ) ) | Case No.: 3:26 CV 1475 |
| Petitioner | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| TODD BLANCHE *et. al.*, | ) ) | |
| Respondents | ) | <u>ORDER</u> |


On July 9, 2026, the court ordered the parties to file briefs discussing whether the court has jurisdiction to consider Petitioner's claim that the July 6, 2026 bond hearing violated his procedural due process rights. (Order, ECF No. 9.) Petitioner filed a Supplemental Brief in Support (ECF No. 10) on July 10, 2026, and Respondents filed a Brief in Opposition (ECF No. 11) on July 14, 2026.

After reviewing the briefings and applicable law, the court has determined that the court may review an immigration judge's bond hearing in limited circumstances. The court recognizes that 8 U.S.C. § 1226(e) restricts judicial review of the Attorney General's discretionary judgments regarding detention, release, or bond. Even so, the court may review the immigration judge's exercise of that discretion to determine whether it comports with the Constitution's demands. *Jaimes v. King*, Case No. 2:26-cv-11327, 2026 WL 2030810, at *3 (E.D. Mich. July 14, 2026) (internal quotations omitted) (quoting *Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025)). For example, a court retains jurisdiction to consider whether the immigration judge allocated the burden of proof properly at the bond hearing. *Jaimes*, 2026 WL 2030810, at *3. A court may also consider whether the bond hearing was fundamentally unfair in violation of a court's order. *See Rodriguez v. Fields*, Case No. 26-117-DLB, 2026 WL 1557479, at *2 (E.D. Ky. June 2, 2026) (citing *Perez*

*Sierra v. Bondi*, Case No. 25-cv-18829, 2026 WL 497070, at \*3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order.").

At this time, the record is insufficient for the court to make a determination regarding whether Petitioner raises a challenge to his bond hearing that falls within one of the limited circumstances presented above. Thus, as a next step, the court orders that the parties provide a transcript of Petitioner's July 6, 2026 bond hearing. After reviewing the transcript, the court will decide whether additional briefing is necessary to determine the court's jurisdiction in this matter.

With regard to the parties' administrative exhaustion arguments, the court finds that it has discretion to decide whether Petitioner is required to appeal the immigration judge's bond determination to the Board of Immigration Appeals before seeking relief in federal court. Generally, a petitioner must exhaust administrative remedies before filing a § 2241 habeas petition. *Ortiz Soto v. Saxon*, No. 1:25-CV-768, 2026 WL 1205571, at \*5 (S.D. Ohio May 4, 2026) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992) *superseded by statute as stated in Woodford v. Ngo*, 548 U.S. 81 (2006)). However, when exhaustion is not required by statute, as is the case here, courts examine "whether exhaustion should nonetheless be required as a matter of prudence." *Ortiz Soto*, 2026 WL 1205571, at \*5. The court defers ruling on the administrative exhaustion question until it has a sufficient record upon which to decide its jurisdiction to hear Petitioner's purported procedural due process claim.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 16, 2026

-2-